IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAGISTRATE CASE |
| | : | |
| v. | : | |
| | : | |
| ARTI JAITLY | : | 09-644-M |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                    June 15, 2009

This case presents the question whether a defendant, arrested in one district for

violating conditions of release set in another district, is entitled to a preliminary hearing

and determination of probable cause in the district of arrest.  I answer this question in the

negative.

I.    PROCEDURAL HISTORY

On October 31, 2008, Arti Jaitly pled guilty in the Eastern District of New York to

criminal information number 05-688-4, charging her with willful failure to file a tax

return.  The Honorable Sandra Feuerstein accepted Ms. Jaitly's guilty plea, and continued

her on pretrial release with conditions.  According to the docket in the Eastern District of

New York, sentencing has not yet been scheduled.

On March 31, 2009, Judge Feuerstein issued a warrant for Ms. Jaitly's arrest in

connection with an alleged violation of the conditions of her pretrial release.[1]  The

---

[1]The Eastern District of New York docket entries do not reflect the violation notice
or the warrant.  However, the government provided the court and counsel with the
affidavit, its attached materials, and Judge Feuerstein's warrant.

affidavit in support of revocation alleges that Ms. Jaitly committed wire and mail fraud, conspiracy and false statement while on pretrial release.  The alleged offenses are not the subject of any new criminal charges, but rather are offered as grounds for revocation of bail.

On April 10, 2009, Ms. Jaitly was arrested in this district on the warrant and was brought before me for an initial appearance, and I appointed the Federal Defenders' Office to represent her.  After conferring with counsel, she stipulated that she was the person named in the New York warrant, and I denied the government's request for detention or the posting of security in addition to that already posted in the underlying case.  I ordered Ms. Jaitly's release on her own recognizance with the posting of a $50,000 bond, pending further proceedings in the Eastern District of New York.  All documents in this court  were transferred to the Eastern District of New York, and my staff contacted Judge Feuerstein's chambers to advise them of the proceedings.  I did not make a probable cause finding.

On April 15, 2009, I received a Motion for a Preliminary Hearing from Kevin Mulhearn, Ms. Jaitly's counsel in the Eastern District of New York.[2]  Although Mr. Mulhearn is not admitted to practice in this court, I directed the Clerk of Court to file the motion and directed the United States Attorney of this district and the Defenders' Association to respond.  The Government has responded in opposition to the motion, and

---

[2]As of this writing, Judge Feuerstein has not scheduled a hearing on the violation.

the Defenders' Association has moved for Mr. Mulhearn's admission to this court pro hac

vice.[3]

Mr. Mulhearn argues that, pursuant to Federal Rule of Criminal Procedure 5.1, Ms.

Jaitly is entitled to a preliminary hearing in this district.  See Def.'s Mot. at ¶¶ 2, 3.  One

of the purposes of a preliminary hearing is for a judicial determination whether there is

probable cause that the defendant committed an offense.  See Fed. R. Cr. P. 5.1(e).  Thus,

Ms. Jaitly seeks to have this court, rather than Judge Feuerstein, determine the existence

of probable cause underlying the alleged violations.  In response, the United States

Attorney urges the court to deny the motion because the issue of probable cause for a bail

violation is left to the judicial officer who ordered the defendant's release.  See Resp. at

2.

II.    DISCUSSION

A.    Applicable Rules and Statutory Provisions

I should first dispense with Mr. Mulhearn's primary argument, which is premised

on the theory that Ms. Jaitly has been charged criminally with mail fraud, wire fraud,

conspiracy, and making a false statement.  This premise is inaccurate, because there are

no new criminal charges.  Rather, the warrant issued by Judge Feuerstein is based upon an

affidavit alleging probable cause that new criminal conduct has occurred which merits the

---

[3]By separate Order, I have granted the motion to admit Mr. Mulhearn pro hac vice,
for purposes of pursuing this motion.

revocation of Ms. Jaitly's release.  Had Ms. Jaitly been brought to court on new charges, I would agree that she would be entitled to a preliminary hearing and probable cause determination on those new charges.  But such was not the case.

No federal rule or statute directly addresses the question whether a defendant alleged to have violated the conditions of release set in one district, but who is arrested for that violation in another district, is entitled to a preliminary hearing in the district of arrest to determine whether there is probable cause that she committed the alleged violation.  The answer to this question requires examination of four provisions -- Rule 40, governing arrests for violating release conditions in another district, Rules 5 and 5.1, governing the right to a preliminary hearing, and section 3148, providing sanctions for violating a release condition.

First, Rule 40 applies to arrests in one district for either a failure to appear in or a violation of conditions of release set in another district.  Fed. R. Cr. P. 40.  The Rule requires that the person be brought before a magistrate judge in the district of arrest, but does not direct the magistrate judge to hold a preliminary hearing.  Rather, Rule 40(b) provides that the judge must proceed under Rule 5(c)(3).[4]

---

[4]As currently drafted, Rule 40 reads as follows:
**Arrest for Failing to Appear in Another District or for Violating Conditions of Release Set in Another District**
    **(a) In General.**  A person must be taken without unnecessary delay before a magistrate judge in the district of arrest if the person has been arrested under a warrant issued in another district for:
        (i) failing to appear as required by the terms of that person's release

The analysis thus turns to Rule 5, which addresses procedures for a defendant's initial appearance.  Specifically, Rule 5(c)(3) addresses procedures in the district of arrest "other than where the offense was allegedly committed," and requires the magistrate judge to, among other things, transfer the matter to the originating district based on a warrant and proof of identity.  Fed. R. Cr. P. 5(c)(3).  The Rule also states that "the magistrate judge must conduct a preliminary hearing if required by Rule 5.1."  Id.  Turning to Rule 5.1(a), that provision states:

> If a defendant is charged with an offense other than a petty
> offense, a magistrate judge must conduct a preliminary
> hearing unless:
> (1) the defendant waives the hearing;
> (2) the defendant is indicted;
> (3) the government files an information . . . charging the
> defendant with a felony;
> (4) the government files an information charging the
> defendant with a misdemeanor; or
> (5) the defendant is charged with a misdemeanor and consents
> to trial before a magistrate judge.

Fed. R. Cr. P. 5.1(a) (emphasis added).  Thus, the question is whether a violation of conditions of release is an "offense" for purposes of Rule 5.1.  The government argues

---

under 18 U.S.C. §§ 3141-3156 or by a subpoena; or
     (ii) violating conditions of release set in another district.
     **(b) Proceedings.**  The judge must proceed under Rule 5(c)(3) as
applicable.
     **(c) Release or Detention Order.**  The judge may modify any
previous release or detention order issued in another district, but must state
in writing the reasons for doing so.
Fed. R. Crim. P. 40 (eff. Dec. 1, 2006).

that because the allegations in the warrant are not the subject of new criminal charges,

Rule 5.1 does not require a preliminary hearing.  See Resp. at 2.

The government's argument is consistent with the plain meaning of the term

"offense."  The term connotes not simply criminal conduct, but conduct that is the subject

of a criminal charge.[5]  Therefore, one is entitled to a preliminary hearing if one is charged

with a crime, not simply if one is alleged to have engaged in uncharged criminal conduct.

This reading also makes sense in the context of violations of pretrial release, which are

not limited to criminal conduct.  For example, consider a defendant arrested in this district

on a warrant out of another district for failing to report as directed to a pretrial services

officer or for breaking curfew.  It would be nearly impossible to construe Rules 5(c)(3)

and 5.1(a) to require a preliminary hearing in that situation, because failing to report and

breaking curfew do not fall within any recognized meaning of the term "offense."  As

Rules 5 and 5.1 do not distinguish among the grounds for violating conditions of release,

those Rules do not require a preliminary hearing in the case of any alleged violation of

pretrial release, including new criminal conduct.

---

[5]The term "offense" is not defined in the criminal rules.  It is defined generally in section 3156, pertaining to release and detention, as any federal criminal offense.  18 U.S.C. § 3156(a)(2), (b)(2).  The term is defined in Black's as "[a] violation of the law; a crime . . . .  Also termed *criminal offense*."  Black's Law Dictionary 1110 (8th ed. 2004) (italics in original).  Neither of these definitions speaks directly to the issue at hand, but both generally support the notion that "offense" refers to conduct that is the subject of a criminal charge.

6

This brings the analysis to section 3148(b), which sets forth the procedures and standards for proving and sanctioning violations of pretrial release conditions. That section states in relevant part as follows:

> **§ 3148.  Sanctions for violation of a release condition**
>
> **(a) Available sanctions.** - A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b) Revocation of release.** - The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court.  A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section.  To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.  The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -
>
>  (1) finds that there is -
>
>   **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>   **(B)** clear and convincing evidence that the person has violated any other condition of release; and
>
>  (2) finds that -
>
>   **(A)** based on the factors set forth in section 3142(g) of this title that there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>   **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(a) and (b).  As applied to Ms. Jaitly's situation, section 3148 requires that she be brought, "to the extent practicable, . . . before the judicial officer who ordered the release," namely Judge Feuerstein.  Judge Feuerstein may revoke the release order if she finds probable cause to believe that Ms. Jaitly committed an offense while on release.

Nothing in the language of section 3148 requires a preliminary hearing or probable cause determination prior to the final revocation determination.  Furthermore, by setting a probable cause standard for a final finding of a violation in the case of new alleged criminal conduct, the statute suggests that no preliminary probable cause finding is necessary.  Indeed, a preliminary finding would appear to usurp the role of the judge in the charging district.[6]

Thus, review of the relevant provisions points to the conclusion that a person arrested in one district for a violation of pretrial release conditions set in another district is not entitled to a preliminary hearing in the district of arrest.

---

[6]This problem is avoided by a different mechanism in the context of violations of supervised release.  Rule 32.1 provides a defendant arrested in one district for an alleged violation of conditions of supervised release in another district with the right to a preliminary hearing in the district of arrest, but only if the alleged violation occurred in the district of arrest.  Fed. R. Cr. P. 32.1(a)(5)(A).  If the judicial officer in the district of arrest finds that probable cause does not support the alleged violation, the violation proceeding is dismissed.  Id.  However, if the alleged violation occurred somewhere other than the district of arrest, the defendant does not have the right to a preliminary hearing in the district of arrest.  Id. Rule 32.1(a)(5)(B).  As discussed later, the provisions of Rule 32.1 do not apply to arrests for violations of pretrial release.

B.      Caselaw and the History of Rule 40

I am not the first to face a dilemma concerning the duties and responsibilities of a

judge in the district of arrest when the warrant for violating conditions of bail is pending

in another judicial district.  In 1987, construing an earlier version of Rule 40,[7] the

Honorable Robert B. Collings of the District of Massachusetts questioned whether he, as

the judge in the district of arrest, had the authority to revoke the bail set in the charging

district.  He concluded that he could not revoke the bail, but had the authority to release or

detain the defendant pending the defendant's appearance in the charging district, at which

time the judge who signed the warrant would make the ultimate revocation determination.

United States v. Viveiros, No. 87-0803RC, CR 86-72-01, 1987 WL 881557, at *3 (D.

Mass. Mar. 5, 1987).  In his opinion, Judge Collings also discussed the issue of probable

cause.

> The question then becomes the extent to which the judicial
> officer in the district of arrest, in determining whether or not
> to detain or release the defendant pending an appearance in
> the district in which the arrest was ordered, may consider the

---

[7]Prior to its amendment in 2002, Rule 40 applied generally to "removal"
proceedings, i.e., appearances in one district on warrants from other districts.  Subsection
(f) addressed arrests for bail violations and stated in pertinent part:
> If a person was previously detained or conditionally released .
> . . in another district where a warrant, information, or
> indictment issued, the Federal magistrate shall take into
> account the decision previously made and the reasons set forth
> therefor, but will not be bound by that decision.  If the Federal
> magistrate amends the release or detention decision or alters
> the conditions of release, he shall set forth his reasons for his
> action in writing.

Fed. R. Crim. P. 40(f) (amended effective December 1, 2002).

allegations that the defendant has violated the terms of his release.  In my view, the allegations may be considered, but only to the extent that the "nature and circumstances" of the allegations may be considered.  For example, it might make a difference if the allegation that the defendant violated the conditions of his release was that the defendant committed a murder while on release as opposed to the allegation that the defendant committed a petty larceny.  <u>But the question of whether there is "probable cause to believe that the person has committed a Federal, State or local crime" or whether there is "clear and convincing evidence that the person has violated any other condition of his release" is to be made as part of the revocation proceeding in the district in which the arrest was ordered and are not, in my judgment, decisions to be made by the judicial officer in the district of arrest</u>.

<u>Id.</u> at *3 (emphasis added).

In 2002, Congress amended Rule 40, moving many of its provisions to other Rules, eliminating subpart (f), and rewriting it to apply only to arrests for failure to appear in another district:

> **Rule 40.  Arrest for Failing to Appear in Another District.**
> (a) **In General.**  If a person is arrested under a warrant issued in another district for failing to appear-as required by the terms of that person's release under 18 U.S.C. §§ 3121-3156, or by subpoena-the person must be taken without unnecessary delay before a magistrate judge in the district of arrest.
> (b) **Proceedings.**  The judge must proceed under Rule 5(C)(3) as applicable.
> (c) **Release or Detention Order**.  The judge may modify any previous release or detention order issued in another district, but must state in writing the reason for doing so.

Fed. R. Crim. P. 40 (eff. 12/1/2002).  After this amendment, Judge Collings again faced a defendant arrested in his district for an alleged violation of bail set in another district.  In

<u>United States v. Zhu</u>, 215 F.R.D. 21 (D. Mass. Jan. 10, 2003), the defendant was arrested

10

in the District of Massachusetts on a warrant for violating conditions of release set in the

Western District of Pennsylvania.  Notably, the alleged bail violation was not a failure to

appear.  Based on the amendment to Rule 40, Judge Collings concluded that he did not

have the authority to conduct a detention hearing or release the defendant pending his

appearance in the Western District of Pennsylvania.  Id. at 25-26.

> Accordingly, I rule that when a person is arrested pursuant to
> 18 U.S.C. § 3148(b) for violating Conditions of Release
> (other than failure to appear) and the arrest takes place in a
> district other than the district which ordered the arrest, the
> magistrate judge in the district of arrest has no power to hold
> a detention hearing and no power to release the defendant.
> Rather, the only function of the magistrate judge in the district
> of arrest is to hold an identity hearing, and if the person
> arrested is found to be the person named in the warrant, to
> order the defendant's removal in the custody of the U.S.
> Marshal to the district in which the order of arrest was issued.

Id. at 26 (internal footnote omitted) (emphasis added).  Thus, although Judge Collings

concluded that his authority to set conditions of release had been eliminated with the

amendment, he maintained that the only function of the judge in the district of arrest was

to hold an identity hearing, not a probable cause hearing.

Partially in response to Judge Collings' decision in Zhu, Rule 40 was again

amended in 2006.  See Fed. R. Crim. P. 40 advisory committee's note to 2006

amendments.  The Rule now permits a judge in the district of arrest to modify any

previous release or detention order whether the defendant has allegedly failed to appear in

the charging district, or violated the conditions set in the charging district.  Thus, the

amendment directly addressed Judge Collings' concerns about his authority to set

11

conditions of release, but did not alter his conclusion that the issue of probable cause is left to the judge who signed the arrest warrant.  See United States v. Thurston, No. 04-M-8021-01, 2004 WL 2370696 (D. Kan. Sept. 10, 2004) (noting that the only issues for the court in the district of arrest were identity and release in the bail violation context); United States v. Bigalk, 175 F.R.D. 628, 631 (W.D. Mo. 1997) ("a defendant is entitled to an identity hearing and nothing more" when charged with failure to appear in another district).  This amendment history is a strong indication that the drafters did not intend that a pretrial releasee have a preliminary hearing on an alleged bail violation in the district of arrest.

Further historical examination of Rule 40 provides additional support for this conclusion.  As noted, Rule 40 used to address removal proceedings generally, and in its original form in the 1940's though the 1970's did not specifically address whether it applied to arrests for bail violations arising from other districts.  The Advisory Committee Notes to the 1979 amendments, which among other things added such a provision, state that "subdivision (e) has been added because some confusion currently exists as to whether present rule 40(b) is applicable to the case in which a bench warrant has issued for the return of a defendant or witness who has absented himself and that person is apprehended in a distant district."  Fed. R. Cr. P. 40 advisory committee's note to 1979 amendments.  The Notes further state, referencing an Eighth Circuit case holding that a fugitive arrested in New York who failed to appear for sentence in North Dakota was not entitled to a removal hearing, "new subdivision (e) does not afford such a person all of

12

the protections provided for in subdivision (a) [but] does ensure that a determination of identity will be made before that person is held to answer in the district of arrest." Id. (citing Brandy v. United States, 408 F.2d 518 (8th Cir. 1969)).  This commentary suggests the codification of a decision that did not recognize the right to a preliminary hearing in the case of an out-of-district bail violator's arrest, a reliable indication that such a defendant has no such right under the Federal Rules.

Thus, review of the relevant caselaw and the history of Rule 40 is consistent with the previous analysis of the governing rules and statute -- namely that a defendant is not entitled to a preliminary hearing in the district of arrest to determine whether there is probable cause that she violated the conditions of pretrial release set in another district.

The conclusion that Ms. Jaitly is not entitled to a preliminary hearing in this district is particularly apt under the circumstances of her case.  According to the affidavit supporting the motion to revoke bail, Ms. Jaitly has made false statements and committed fraud in connection with efforts to sell a house connected to the charges to which she has pled guilty and is awaiting sentencing.  See United States v. Jaitly, Eastern District of New York Docket 05-CR-0688, Affidavit in Support of the Government's Motion to Revoke Bail at ¶¶ 7-9.  Obviously Judge Feuerstein is in a much better position to determine whether probable cause supports these allegations.

13

C.      Rule 32.1 Does Not Apply to Ms. Jaitly's Situation

In his reply to the government's response, Mr. Mulhearn looks to Rule 32.1 to support the proposition that Ms. Jaitly is entitled to a preliminary hearing in this district. As alluded to previously, Rule 32.1 governs the procedures when a defendant is alleged to have violated the conditions of probation or supervised release.  Mr. Mulhearn argues that "supervised release" as used in Rule 32.1, encompasses bail.  It does not.

Supervised release is part of a sentence to be served after a term of imprisonment. See 18 U.S.C. § 3583(a) (authorizing imposition of terms of supervised release following prison terms, and setting procedures to determine conditions of supervised release and consequences upon violation).  In contrast to Rule 40, Rule 32.1 specifically affords a defendant a right to a preliminary hearing in the district of arrest for violation of conditions of probation or supervised release when the alleged violation took place in the district of arrest.  See Fed. R. Cr. P. 32.1(a)(5).

Rule 32.1 incorporates the due process requirements for the revocation of probation recognized by the Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).  See United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992) (citing Fed. R. Cr. P. 32.1 advisory committee's note).  Neither Gagnon nor Rule 32.1 has been extended to violations of bail conditions.  See Zhu, 215 F.R.D. at 25 (noting the differences in the rules governing bail revocation with the revocation of probation or supervised release). The fact that the right to a preliminary hearing is so clearly set forth in Rule 32.1, and is

14

not set forth in the Rules and statutes governing arrests for pretrial release violations, is all the more support for the conclusion that the right does not exist in the latter context.

III.   <u>CONCLUSION</u>

For the reasons discussed, I conclude that Ms. Jaitly is not entitled to a preliminary hearing in this district on the charge of violating the bail conditions set in the Eastern District of New York.  The case has previously been transferred to the Eastern District of New York for further proceedings.

An appropriate Order follows.