IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAGISTRATE CASE |
| | : | |
| v. | : | |
| | : | |
| ARTI JAITLY | : | 09-644-M |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                          October 8, 2009

      Arti Jaitly appeared before me on April 10, 2009, having been arrested in this district on a warrant issued by the Honorable Sandra Feuerstein of the United States District Court for the Eastern District of New York, charging Ms. Jaitly with violating the conditions of her pretrial release.[1]  The affidavit in support of revocation alleged that Ms. Jaitly committed wire and mail fraud, conspiracy and false statement while on pretrial release.  These alleged offenses were not the subject of any new criminal charges, but rather were offered only as grounds for the revocation of bail.  At the removal hearing, Ms. Jaitly stipulated that she was the person named in the warrant, and I denied the government's request for detention or the posting of additional security.  I released Ms. Jaitly on her own recognizance with the posting of a $50,000 bond, pending further proceedings in the court in New York.  I made no probable cause determination.  All of the documents in this court were transferred to the federal court in the Eastern District of

---

[1] On October 31, 2008, Ms. Jaitly pled guilty to willful failure to file a tax return in the federal court in New York.  Judge Feuerstein accepted Ms. Jaitly's plea and continued her on pretrial release with conditions.  According to Jaitly's counsel in the New York case, sentencing on the tax charge is scheduled for November 10, 2009.

New York, and my staff contacted Judge Feuerstein's staff to advise them of the proceedings here.

On April 15, 2009, Kevin Mulhearn, Ms. Jaitly's counsel in the Eastern District of New York, sent me a Motion for a Preliminary Hearing.  On June 15, 2009, after Mr. Mulhearn's admission to this court pro hac vice, and after I had an opportunity to review the motion, the government's response, and Mr. Mulhearn's reply, I denied the motion, concluding that a defendant is not entitled to a preliminary hearing in the district of arrest to determine whether there is probable cause that she violated the conditions of pretrial release set in another district.  See United States v. Jaitly, No. 09-644-M, 2009 WL 1675086 (E.D. Pa. June 15, 2009).  It does not appear from the docket in the Eastern District of New York that Ms. Jaitly has pursued her request for a preliminary hearing in that court, where it would properly be considered, nor did she appeal my June 15th decision.

On October 1, 2009, I received a letter from Mr. Mulhearn, renewing Ms. Jaitly's application for a preliminary hearing on the "charges" pending in this district. According to Mr. Mulhearn, the government is using the conduct underlying the revocation warrant to "raise the sentence guidelines number for Ms. Jaitly in the EDNY Court with respect to Ms. Jaitly's sentencing on November 10, 2009 on another matter (misdemeanor failure to file a tax return)."  Mulhearn Letter, Oct. 1, 2009.  The

government has filed a response to Mr. Mulhearn's letter, arguing that there is no basis for this court to revisit the prior decision.[2]

To the extent the current letter seeks reconsideration of my earlier Order, the request is clearly untimely. A motion for reconsideration in a criminal case is timely if filed within ten days of the entry of the order. United States v. Benanti, 137 Fed. Appx. 479, 481 (3d Cir. 2005) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)); see also Local Rule of Criminal Procedure 1.2 (adopting the 10 day limitations period for motions for reconsideration in criminal cases from Local Rule of Civil Procedure 7.1(g)). Here, more than three months has elapsed since the entry of my earlier order, from which Ms. Jaitly did not appeal.

Moreover, Ms. Jaitly has presented no argument that calls my earlier decision into question. Again, it appears that her counsel is proceeding under the false premise that there are charges pending in this district. There are not. For the reasons discussed in the earlier Memorandum and Order, I conclude that Ms. Jaitly has no right to a preliminary hearing in this district. None of the applicable rules or statutory provisions, the history of Federal Rule of Criminal Procedure 40, or the relevant caselaw support Mr. Mulhearn's contention that his client is entitled to a preliminary hearing in this judicial district.

An appropriate Order follows.

---

[2] I have requested the Clerk's Office to docket Mr. Mulhearn's letter and the government's response.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAGISTRATE CASE |
| | : | |
| v. | : | |
| | : | |
| ARTI JAITLY | : | 09-644-M |

**O R D E R**

AND NOW, this 8th day of October, 2009, upon consideration of Defendant's letter request for reconsideration of my earlier decision, denying her request for a preliminary hearing in this district, the response by the Government, and for the reasons explained in the accompanying Memorandum and this court's earlier Memorandum and Order of June 15, 2009, IT IS HEREBY ORDERED that the request is DENIED.

BY THE COURT:

/s/ ELIZABETH T. HEY

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE